# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**JOHN MART MESSER**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:06-CR-92**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

### Part I – Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has repeatedly shown himself to be tone-deaf to his responsibilities to not possess even adult pornographic material. Monitoring software installed on his computer showed that he viewed adult pornography on his computer on January 14, 2014, only hours after being visited by the probation officer. This is not the first time adult pornography has been found on defendant's home computer; a similar incident arose shortly after he was released from prison when substantial pornography was mysteriously found (continued on attachment)

### Part II – Written Statement of Reasons for Detention

Defendant's possession of adult pornography is not considered a danger to the community, and is a significant step removed from possession of child pornography, much less the receipt and/or distribution of child pornography. The government's concern in this respect is speculative, particularly in light of the sex offender assessment defendant underwent in September 2013, which determined that he was not a risk. However, defendant has not shown by clear and (continued on attachment)

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: **February 24, 2014**

**/s/ Hugh W. Brenneman, Jr.**
*Signature of Judicial Officer*

**Hugh W. Brenneman, Jr., United States Magistrate Judge**
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. John Mart Messer
1:06-CR-92
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) -** (continued)

on a brand new computer which had just been placed in his home. Defendant denied any responsibility for the images, blaming the pornography as a result of the individuals who built and/or worked on the computer while he was in custody.

**Part II - Written Statement of Reasons for Detention -** (continued)

convincing evidence that he is not a risk to himself as a member of the community from further possession of adult pornography, which he is prohibited from having and which he seems intent on possessing. Accordingly, the court would return him to his home upon his agreement to remove from his home all computer and other devices capable of receiving material from the internet or playing DVDs or similarly-sourced materials that could display pornographic materials, pending his revocation hearing before the district judge. Defendant opted not to do this because he did not want to deprive his wife of her ability to have access to this media. (The court's order, of course, would not have precluded access to normal telephone lines, over-the-air television, radio, books, phonographs and any other media that did not have involve the internet or videos, DVDs, computers, flash drives, etc.) In light of the defendant's failure to cooperate with the conditions proposed by the court, the court finds the defendant has not met his burden of showing by clear and convincing evidence that he is not a danger to himself as a member of the community from further receipt and possession of adult pornography. Accordingly, defendant is ordered detained pending his revocation hearing in this matter.